# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

TAREQ WARWAR,

      Plaintiff,

CASE NO.: _____

v.

THE FAMILY CENTER AT SUNRISE,
LLC, a Florida limited liability company

      Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, The Family Center At Sunrise, LLC, by and through its undersigned counsel and pursuant to Title 28, United States Code, sections 1331, 1367(a), 1441, and 1446, hereby files this, its Notice of Removal, and in support thereof, states as follows:

1. On December 14, 2016, Plaintiff initiated an action against Defendant in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Civil Division, Case Number CACE-16-022765. Defendant was not served with the original Complaint.

2. Plaintiff filed an Amended Complaint on February 1, 2017.

3. The Summons and Amended Complaint in the aforementioned state court action were served on Defendant on April 24, 2017. True and correct copies of the Summons, Amended Complaint, and all other process and pleadings served upon Defendant in this cause (except discovery) are attached hereto.[1]

---

[1] The case docket contains an affidavit of service of the Amended Complaint upon Jonathan Bombart. This service was defective because Jonathan Bombart is not an authorized agent of Defendant or

1

4. The Amended Complaint alleges a violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and asserts causes of action under Florida law for unpaid wages, breach of oral contract, and unjust enrichment.

5. On May 4, 2017, Plaintiff filed a Motion for Leave to file a Second Amended Complaint (the "Motion for Leave to Amend"). A true and correct copy of the Motion for Leave to Amend is attached hereto. The state court has not ruled on the Motion for Leave to Amend. Plaintiff's proposed Second Amended Complaint also alleges violations of the FLSA.

6. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As such, the United States District Courts have original jurisdiction over Plaintiff's FLSA claim, as it arises under the Constitution, laws or treaties of the United States. *Id.*

7. Defendant is entitled to remove Plaintiff's FLSA claim to this Court pursuant to 28 U.S.C. § 1441(a), which states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

8. Accordingly, Defendant is entitled to remove Plaintiff's FLSA claim to this Court because this Court has original jurisdiction over the FLSA claim and the state court action is currently pending in this District and Division. 28 U.S.C. § 1441(a).

9. Because this Court has original jurisdiction over Plaintiff's FLSA claim, the Court also has supplemental jurisdiction over Plaintiff's claims arising under Florida law. 28 U.S.C. § 1367(a).

---

authorized to accept service on behalf of the Defendant. Defendant was not served with the Summons and Amended Complaint until the undersigned accepted service on behalf of the Defendant on April 24, 2017.

10. This Court should exercise supplemental jurisdiction over Plaintiff's claims arising under Florida law because all of the claims alleged in the Amended Complaint arise from the same core of alleged operative facts and involve substantially similar questions of law, and therefore form part of the same case or controversy. 28 U.S.C. § 1367(a). Indeed, all of the claims asserted in Plaintiff's Amended Complaint arise from Defendant's alleged failure to compensate Plaintiff at the legally required rate and for overtime hours. (See Am. Compl. ¶¶ 27, 35, 39, 44.) Moreover, the claims brought under Florida law do not involve novel or complex issues of state law, and there are no other considerations that would prevent this Court from adjudicating those claims.

11. Based on the foregoing, all claims alleged in the Amended Complaint should be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1367.

12. A true and correct copy of this Notice of Removal was filed with the Clerk of the United States District Court within thirty (30) days after service of the Amended Complaint upon Defendant. 28 U.S.C. § 1446(b).

13. The Notice of Removal attached hereto will be promptly served on all adverse parties and filed with the Clerk of the State Court in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully requests that this case proceed in this Court as an action properly removed to it.

Dated: May 24, 2017

Respectfully submitted,

/s/ Peter R. Goldman
Peter R. Goldman, Esq.
Florida Bar. No. 860565
Joseph H. Picone, Esq.
Florida Bar No. 118381
**BROAD AND CASSEL LLP**
One Financial Plaza, Suite 2700
Fort Lauderdale, FL 33394
Telephone: (954) 764-7060
Facsimile: (954) 761-8135
Primary: pgoldman@broadandcassel.com
Primary: jpicone@broadandcassel.com
Secondary: sbrown@broadandcassel.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 24, 2017, a true and correct copy of this document was served via e-mail on the following:

Marshall E. Rosenbach
11430 U.S. Highway 1
North Palm Beach, Florida 33408
Marshall@marshallrosenbach.com

/s/Joseph H. Picone
Peter R. Goldman, Esq.
Florida Bar. No. 860565
Joseph H. Picone, Esq.
Florida Bar No. 118381
**BROAD AND CASSEL LLP**
One Financial Plaza, Suite 2700
Fort Lauderdale, FL 33394
Telephone: (954) 764-7060
Facsimile: (954) 761-8135
Primary: pgoldman@broadandcassel.com
Primary: jpicone@broadandcassel.com
Secondary: sbrown@broadandcassel.com
*Counsel for Defendant*